IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LOUIS G. GALLOWAY, Sr.**,

       **Plaintiff**,

    v.                    CASE NO. 13-3097-SAC

**Dr. (fnu) FERNANDO,
Psychiatrist, et al.**,

       **Defendants**.

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Plaintiff has also filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 3), a motion to appoint counsel (Doc. 5), and a "Motion of Concern(s) Do (sic) to Health Reason(s) . . ." (Doc. 6). Plaintiff is required, based upon his three-strikes status, to either submit the entire filing fee up front or suffer dismissal of this action.

   Mr. Galloway alleges that he was forced to receive psychotropic drugs against his will after he was "illegally taken to an involuntary force psychotic drug hearing." He seeks "compensation for both mental and physical injuries," which he claims have resulted from the forced drugs. He alleges that he has muscle loss, spasms, "rigidity feelings," tics, and other side effects from Haldol,

1

although a nurse has told him that his muscle loss had another cause. He complains of visual impairment, but alleges that he has been told it is the result of old age. In addition, he alleges that he is "impaired on his left side," but also alleges that a doctor has ordered blood tests and a neurological test. He seeks one million dollars in damages and payment of all future medical bills.

The court has considered the complaint, plaintiff's motion to proceed without prepayment of fees, and plaintiff's Motion of Concerns," which it treats as a supplement.[1] The court has also considered plaintiff's litigation history including his last federal case, which he cites in his complaint: *Galloway v. Fernando*, Case No. 11-3153 (Sept. 12, 2011). The court finds that plaintiff has previously been designated a three-strikes litigant. The court further finds that Mr. Galloway does not allege sufficient facts in his complaint, supplement and motion to establish that he is in imminent danger of serious physical injury.

Mr. Galloway was informed in Case No. 11-3153 that "his allegations that he is being required to take psychotropic medication pursuant to a hearing" do not establish that he is in imminent danger of serious physical injury. He now seeks to reargue that prior complaint along with his claims in this new complaint. He alleges in this action that he stopped taking Haldol on his own, and is now

---

[1] To the extent that this is a motion, it is denied. It contains additional allegations regarding plaintiff's claim and is liberally treated as a Supplement to the complaint instead.

2

in imminent danger from its continuing side effects. His allegations that he fears future side effects and is concerned regarding the results of future tests are speculative at best. He complains that "the State" puts things off referring to "some neurological testing" until it is too late; however, he does not provide facts to substantiate this general statement. He complains that he was not advised of "being attack (sic) by its chemical agents" and having worse symptoms if he suddenly took himself off Haldol. Plaintiff's allegations that his prior use of Haldol or other psychotropic medications is causing serious physical ailments for which he is not being adequately treated and that he is in imminent danger of serious physical injury as a result are not supported by sufficient facts. Instead, they appear to be based mainly upon Mr. Galloway's lay opinion. Plaintiff's general allegations of symptoms, what he believes to be their causes, and what he considers inadequate treatment are insufficient to establish that he is in imminent danger of serious physical injury. The same is true of plaintiff's lay opinion that he should be treated with medications to "stop the spreading and attackings and worsening of suddenly stopped using Haldol." On the other hand, it plainly appears from plaintiff's allegations that he took himself off medication and is receiving medical attention for his physical complaints from a nurse and a doctor. The court concludes that Mr. Galloway may proceed in this action only if he pays the statutory filing fee of $350.00 plus

3

the administrative fee of $50.00 for a total amount due upfront of $400.00.

The court has considered and denies plaintiff's Motion for Appointment of Counsel. There is no right to appointment of counsel in a civil action, and counsel is not warranted in this case because it is likely to be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's application for leave to proceed without prepayment of fees (Doc. 3) is denied; he is granted twenty (20) days in which to submit fees in the amount of $400.00 to the court; and failure to pay the fees within that time will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 5) is denied, and plaintiff's "Motion of Concerns" (Doc. 6) is denied to the extent that it is a motion and otherwise is treated as a Supplement rather than a motion.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
